Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4459 | **DATE** | 7/3/2013 |
| **CASE TITLE** | LaShaun Brown v. Medicaid | | |

**DOCKET ENTRY TEXT:**

Petitioner LaShaun Brown's petition to proceed *in forma pauperis* [3] is denied. His motion [4] for assignment of counsel is denied. Brown is granted 14 days in which to pay the filing fee; otherwise, this case will be dismissed.

■[ For further details see text below.]

Notices mailed by judicial staff.

## STATEMENT

Petitioner LaShaun Brown ("Brown") seeks leave to file *in forma pauperis* his complaint against Medicaid. Brown is upset with Medicaid, because it paid for the dental treatment he received. Brown alleges that the dental treatment he received from two dentists was deficient in several respects. First, two dentists capped and crowned his incisors and molars, but Brown had not wanted that done. Second, in the process of capping/crowning Brown's teeth, a dentist chipped two of Brown's teeth, which, ultimately, led to his having to have a root canal. Third, Brown alleges that later, while he was chewing gum, one of the capped teeth fell out of his mouth. Finally, Brown alleges that while one of the dentists was treating him, the dentist threatened to drill his tongue, if he did not keep it out of the drill's way. Brown blames Medicaid for these problems, because if Medicaid had not paid for the treatment, the dentists would not have provided it.

Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court considers whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324. Brown's petition fails on both accounts.

First, Brown has failed to establish that he is impoverished within the meaning of the statute, because he failed to answer all of the questions on the financial affidavit. Specifically, Brown did not answer whether he (or anyone else with whom he shares a residence) received any income in the last twelve months in the form of salary or wages; business, professional or self-employment income; rental income, interest or dividends; or gifts or inheritances. Without this information, the Court cannot determine whether Brown qualifies to proceed *in forma pauperis*. Accordingly, his petition is denied.

## STATEMENT

Second, even if the Court were able to determine that Brown is sufficiently impoverished within the meaning of the statute, the Court would still deny his petition to proceed *in forma pauperis*, because the Court cannot discern a non-frivolous claim in his complaint. Brown has not alleged that the dentists were employees of the United States. The Court is not aware of any case in which a third-party payer was held liable for the malpractice committed by a doctor or dentist. Nor is the Court aware of any cause of action for granting, as opposed to denying, benefits.

For these reasons, the Court denies Brown's petition to proceed *in forma pauperis*. Because the Court is denying leave to proceed *in forma pauperis*, it also denies Brown's motion for assignment of counsel.